UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| KIM MARIE MORGAN,<br><br>      Plaintiff,<br><br>-vs-<br><br>EQUIFAX INFORMATION SERVICES LLC and PENTAGON FEDERAL CREDIT UNION,<br><br>      Defendant. | Case No. |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, KIM MARIE MORGAN (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax") and PENTAGON FEDERAL CREDIT UNION (hereinafter "PenFed") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

**PRELIMINARY STATEMENT**

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC

1

(hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Equifax, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

**JURISDICTION AND VENUE**

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

2

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Manatee County, Florida; the violations described in this Complaint occurred in this District; and Defendants transact business within this District.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11. Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13. PenFed is a federally insured national credit union headquartered at 2930 Eisenhower Avenue, Alexandria, Virginia 22314 that upon information and belief, conducts business in the State of Florida.

14. PenFed is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

15. PenFed furnished information about Plaintiff to Equifax that was inaccurate.

## FACTUAL ALLEGATIONS

16. Plaintiff had an auto loan with PenFed, account number ending in x0814, which was secured by a 2015 Mercedes CLS400C4 (hereinafter "PenFed Account").

17. The PenFed Account was a joint account with her husband, Norman Lee Morgan (hereinafter "Morgan").

18. Plaintiff made timely payments to the PenFed Account.

19. In or about November 2022, Plaintiff traded in the 2015 Mercedes CLS400C4 for the purchase of a new vehicle.

20. Per the Sales Contract for the purchase of the new vehicle, a payoff was issued to PenFed in the amount of $27,526.42 leaving a zero balance on the PenFed Account.

21. Following the payoff, on or about March 13, 2023, Plaintiff reviewed her Equifax credit report and verified that the PenFed Account was reported as Closed, Pays as Agreed with a zero balance.

22. On or about October 4, 2023, Plaintiff received an alert through her credit monitoring app that the PenFed Account was updated. Upon review of her credit file, Plaintiff became aware that after eleven (11) months, Equifax and Trans Union had updated the PenFed Account to reflect a status of 119 days past due still with a balance of $0 and status of closed. Further, the payment history reported all payments as on time.

23. Shortly thereafter, Plaintiff submitted a dispute online to Equifax and Trans Union regarding the inaccurate reporting of the PenFed Account.

24. On or about November 1, 2023, Equifax responded to Plaintiff's online dispute by stating the PenFed Account was verified and updated to reflect a status which stated, "Account closed; was over 120 days past due".

25. Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

26. Equifax never attempted to contact Plaintiff during the alleged investigation.

27. Upon information and belief, Equifax notified PenFed of Plaintiff's dispute. However, PenFed failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

5

28. On or about November 3, 2023, to Plaintiff's relief, Trans Union responded to Plaintiff's dispute by stating the PenFed Account had been updated to reflect a status of closed, never late.

29. In or about November/December 2023, Plaintiff again submitted a dispute online to Equifax regarding the inaccurate reporting of the PenFed Account.

30. On or about January 6, 2024, Equifax responded to Plaintiff's online dispute by stating the PenFed Account was verified as accurate.

31. Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

32. Equifax never attempted to contact Plaintiff during the alleged investigation.

33. Upon information and belief, Equifax notified PenFed of Plaintiff's dispute. However, PenFed failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

34. On or about February 9, 2024, Plaintiff mailed a detailed written dispute letter to Equifax regarding the continued inaccurate reporting. In the letter, Plaintiff explained the PenFed Account should be reported as closed, with a zero balance, and never late. To confirm her identity, a copy of her driver's license was included. Further, Plaintiff provided images of the erroneous reporting and previous dispute

results, images of the correct reporting in March 2023, and images of the sales contract showing the payoff was issued.

35. Plaintiff mailed her detailed dispute letter to Equifax via USPS Certified Mail, tracking number 9214 8901 4298 0494 4380 76.

36. On or about February 20, 2024, Equifax responded to Plaintiff's dispute letter by stating the proof of identity does not match the information currently on file and requested proof of identification despite Plaintiff having provided a copy of her driver's license.

37. On or about March 12, 2024, Plaintiff sent the requested ID verification to Equifax via USPS Certified Mail, tracking number 9589 0710 5270 0983 5651 80.

38. As of March 18, 2024, Plaintiff had not yet received dispute results from Equifax. However, upon review of her updated credit report, Plaintiff observed the PenFed Account continued to be erroneously reported as 120 days past due.

39. Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

40. Equifax never attempted to contact Plaintiff during the alleged investigation.

41. Upon information and belief, Equifax notified PenFed of Plaintiff's dispute. However, PenFed failed to conduct a reasonable investigation and merely

7

compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

42. Despite Plaintiff's best efforts to have the erroneous reporting corrected, Defendants continued to inaccurately report the PenFed Account as 120 days past due in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

43. Equifax has not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher.

44. Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

45. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   i. Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

   ii. Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

    iv.    Reduction in credit score; and

    v.    Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

46. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

47. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

48. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

49. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from

lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

50. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

51. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, KIM MARIE MORGAN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

52. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

53. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

54. Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

55. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

56. The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

57. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, KIM MARIE MORGAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT III
## Violations of 15 U.S.C. § 1681i as to
## Defendant, Equifax Information Services LLC (Negligent)

58. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

59. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

60. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

61. Plaintiff provided Equifax with the information it needed to confirm that the PenFed tradeline should be reported as paid and never late, including but not limited to prior reporting from Equifax which accurately reported the PenFed Account as never late, proof of the timely payoff to PenFed, and other relevant supporting documents. Equifax ignored this information and failed to respond to Plaintiff's disputes.

62. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

63. The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

64. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, KIM MARIE MORGAN, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

65. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

66. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

67. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

68. Plaintiff provided Equifax with the information it needed to confirm that the PenFed tradeline should be reported as paid and never late, including but not limited to prior reporting from Equifax which accurately reported the PenFed Account as never late, proof of the timely payoff to PenFed, and other relevant supporting documents. Equifax ignored this information and failed to respond to Plaintiff's disputes.

69. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

70. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

71. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, KIM MARIE MORGAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT V
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Pentagon Federal Credit Union (Negligent)

72. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

73. PenFed furnished inaccurate account information to Equifax and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

74. After receiving Plaintiff's disputes, PenFed violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and

lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

75. Plaintiff provided all the relevant information and documents necessary for PenFed to have identified that the account status was inaccurate.

76. PenFed knowingly chose to follow procedures which did not review, confirm, or verify the account status was accurate.

77. PenFed violated its own policies and procedures by not correcting and accurately reporting a joint account to all CRAs for each consumer after receiving notice of the error and correcting the reporting to Plaintiff's Trans Union credit report.

78. PenFed violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

79. As a direct result of this conduct, action, and/or inaction of PenFed, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

80. The conduct, action, and inaction of PenFed was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

81. Plaintiff is entitled to recover costs and attorney's fees from PenFed in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, KIM MARIE MORGAN, respectfully requests that this Court award actual damages against Defendant, PENTAGON FEDERAL CREDIT UNION, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VI
### Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, Pentagon Federal Credit Union (Willful)

82. Plaintiff re-alleges and incorporates paragraphs one (1) through forty-five (45) above as if fully stated herein.

83. PenFed furnished inaccurate account information to Equifax and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

84. After receiving Plaintiff's disputes, PenFed violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (2) failing to review all relevant information regarding same; (3)

17

failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

85. Plaintiff provided all the relevant information and documents necessary for PenFed to have identified that the account status was inaccurate.

86. PenFed knowingly chose to follow procedures which did not review, confirm, or verify the account status was accurate.

87. PenFed violated its own policies and procedures by not correcting and accurately reporting a joint account to all CRAs for each consumer after receiving notice of the error and correcting the reporting to Plaintiff's Trans Union credit report.

88. PenFed violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

89. As a direct result of this conduct, action, and/or inaction of PenFed, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

90. The conduct, action, and inaction of PenFed was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

91. Plaintiff is entitled to recover costs and attorney's fees from PenFed in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, KIM MARIE MORGAN, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, PENTAGON FEDERAL CREDIT UNION, jointly and severally; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, KIM MARIE MORGAN, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC and PENTAGON FEDERAL CREDIT UNION, jointly and severally; attorneys' fees

19

and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 25th day of March 2024.

Respectfully submitted,

**/s/ Frank H. Kerney, III, Esq.**
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
Lisa@TheConsumerLawyers.com

**/s/ Octavio Gomez, Esq.**
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
tav@TheConsumerLawyers.com
*Attorney for Plaintiff*